**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JAMES ALLEN and RACHEL ALLEN,      ) | |
|       ) | |
|       ) | |
|    Plaintiffs,      ) | |
|       ) | |
| v.      ) | Civil Action |
|       ) | File No.  5:18-cv-00145-MTT |
| OSMANY F. SANCHEZ, CARIBE ) | |
| TRUCKING CO. LLC, and      ) | |
| STARR INDEMNITY AND      ) | |
| LIABILITY COMPANY,      ) | |
|       ) | |
|    Defendants.      ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants, Caribe Trucking Co. LLC., Osmany Sanchez,  and

Starr Indemnity and Liability Company (hereinafter "Defendants"), pursuant to

F.R.C.P 56 and L.R. 56.1 and file this Brief in Support of Their Motion for Partial

Summary Judgment.

**INTRODUCTION**

This lawsuit involves a motor-vehicle accident that occurred after a tractor

trailer truck suffered a sudden blowout of its left-front steering tire.  The driver,

Osmany Sanchez, was able to bring the vehicle to a controlled stop, but was unable

to steer the vehicle out of the roadway.  Plaintiff James Allen was operating his

vehicle travelling in the same direction as Mr. Sanchez and struck the rear of the truck at or around the time it the truck came to rest.  Mr. Allen sustained bodily injuries as a result of the impact.  The Parties dispute the proximate cause of the collision and the contributing factors involved therein.

## I.   STATEMENT OF FACTS

On March 28, 2018, Plaintiffs filed this action alleging that Defendant Osmany Sanchez ("Sanchez") negligently operated his vehicle. (See generally Plaintiff's Complaint, Doc. 1, and attached hereto as Exhibit "A").  At the time of the incident, Sanchez was operating his truck under lease to Defendant Caribe Trucking Co. LLC. ("Caribe").  Accordingly, Plaintiff asserted that Caribe is liable for damages resulting from the alleged acts of Sanchez under the doctrines of *respondeat superior* or imputed negligence. (See generally Plaintiff's  Complaint, Doc. 1).  Plaintiffs' Complaint also asserts that Caribe was negligent in hiring and retaining Sanchez. (See Plaintiff's  Complaint, Doc. 1).

Caribe maintains that Plaintiffs have failed to present evidence that creates a material issue of fact on these claims.  There is no evidence that Caribe knew or should have known that Sanchez posed a risk of harm to others during the course of his employment, an allegation Defendants continue to deny.  Rather, the evidence shows that Sanchez was fully qualified for hire as a commercial truck driver under all

federal regulations when operating under dispatch for Caribe. (Deposition of Osmany Sanchez, p. 72:14-17, 78:8-13attached hereto as Exhibit "B").

At the time of hire, Sanchez was required to undergo a drug and alcohol screening, his driving ability was evaluated through a road test, and he received training on DOT regulations. (*Id.* 79:9-12, 84:11-19, and 26:1-16, Exhibit B). Further, Sanchez had never been issued a citation for a moving violation prior to the subject accident. (*Id.,* 86:3-15). Consequently, Caribe respectfully asks this Court to dismiss Plaintiff's claims for negligent hiring and retention.

Lastly, Plaintiff's Complaint fails to allege sufficient factual grounds to support a claim that Defendants' showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care, which would raise the presumption of conscious indifference to consequences and/or specific intent to cause harm as defined by O.C.G.A. § 51-12-5.1." (See Plaintiff's Complaint, generally). To the contrary, the undisputed testimony is that Sanchez's truck sustained a sudden tire failure that caused him to bring his truck to a controlled stop. (*Id.* 52:19-59:10). Sanchez testified that he performed a pre-trip inspection of the tire just hours before and the truck had undergone its required annual inspection and was passed by a DOT certified inspector on December 4, 2017, just over a month before the accident. *Id. at 27:25-28:5, 82:18-83:10.* Defendants submit, consequently, that the Complaint fails to state, and the

record evidence is insufficient to support, a valid plea for punitive damages with respect to Plaintiff's negligent entrustment and hiring claims, and all other allegations of punitive conduct against the Defendants.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Summary Judgment Standard

A party moving for summary judgment must show the non-moving party has no evidence to support her case to prevail. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a defendant successfully negates an essential element of plaintiff's case, then the burden shifts to the plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.*  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

Federal Rule of Civil Procedure 56 requires the non-moving party to go beyond the pleadings and by his own affidavits (or by other materials on file) designate specific facts showing there is a genuine issue for trial. *See Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997).  Conclusory, uncorroborated allegations by a non-movant in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).  "A mere scintilla of evidence in support

of the non-moving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004); *see also Celotex Corp.*, 477 U.S. at 324.

**B.**     <u>**Caribe Is Not Liable For Negligent Hiring and Negligent Retention, Or Negligent Supervision Because There Is No Evidence To Support Punitive Damages**</u>

Caribe acknowledges and stipulates that Sanchez was operating his truck in the course and scope of his lease agreement with Caribe at the time of the subject-accident.  Georgia law will not allow a plaintiff to bring a negligent hiring, negligent retention, negligent supervision, or negligent entrustment claim when the employer is liable under the theory of *respondeat superior*.  <u>See</u> <u>Durben v. American Materials, Inc.</u>,  232 Ga. App. 750 (Ga. Ct. App. 1998).  The rationale for this is that "since the employer would be liable for the employee's negligence under *respondeat superior*, allowing claims for negligent entrustment, hiring, and retention would not entitle the Plaintiff to a greater recovery, but would merely serve to prejudice the employer." <u>Id.</u> at 751.  An exception to this general rule exists where a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee.  <u>Id.</u>

Under Georgia law, punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions

showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Western v. Indus., Inc., 280 Ga. App. 378, 380 n. 2 (Ga. Ct. App. 2006) (citing Doctoroff v. Perez, 273 Ga. App. 560, 560-561 (Ga. Ct. App. 2005)).   Mere negligence, although gross, will not alone authorize the recovery of punitive damages. Id.  There must be circumstances of aggravation or outrage.  Id.

Georgia courts have "allowed a Plaintiff alleging negligent hiring and/or retention to proceed with a punitive damages claim against the employer *only* when some facts support a conclusion that the employer acted with such an entire want of care as to a raise a presumption of conscious indifference to the consequences."  Id. Consequently, Georgia Courts have stated that "a plaintiff can shoulder this burden of proof *only* by showing that the employer had actual knowledge of numerous *and* serious violations on a driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations." Id.  See Western Indus., Inc. v. Poole, 280 Ga. App. 378, 381-382 (Ga. Ct. App. 2006) (holding that where an employer had no actual knowledge of a driver's hit-and-run conviction before a collision and where an employer was under no statutory or regulatory duty to obtain knowledge of this hit-and-run conviction, punitive damages for negligent hire, retention, and entrustment must fail as a matter of law); See also Smith v. Tommy

Roberts Trucking Co., 209 Ga. App. 826, 829-830 (Ga. Ct. App. 1993) (reversing grant of summary judgment on punitive damages where company ignored regulations requiring license record check, where such a check would have unearthed numerous violations, including DUI, and where company had actual knowledge of two traffic violations occurring in a company vehicle after the employee was hired).

In Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, the Georgia Court of Appeals upheld a grant of summary judgment on punitive damages where driver/employee had several moving violations. Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, 218 Ga. App. 815, 818 (Ga. Ct. App. 1995).  In Bartja, the plaintiff brought suit seeking punitive damages against a trucking company alleging that the trucking company negligent hired, supervised, and entrusted the truck driver with a truck. Id. at  815.  The federal regulations only required the trucking company to investigate the driver's history for the three previous years.  Id. at 818.  The investigation revealed that the driver had received two moving violations, one for driving on the wrong side of the road and a second for disregarding a stop sign while driving his rig. Id.  The driver also stated on his application for employment that he had been involved in two accidents.  Id.  The Georgia Court of Appeals held that evidence of the driver's "driving record does not reveal the requisite culpability required to create a genuine issue of material fact on the propriety of punitive

damages." Id.  The Bartja Court explained that the evidence showed that the trucking company fully complied with federal regulations in hiring the driver and the driver was fully qualified to drive under those regulations.  Id.

Plaintiff's Complaint fails to clearly state a factual basis for punitive damages, nor does the record demonstrate any factual evidence to support the requisite culpability required to create a genuine issue of fact on punitive damages with regard to Plaintiffs' negligence claims against Caribe.  Caribe complied with all federal regulations when it hired Sanchez.  Further, Sanchez is fully qualified to drive commercial trucks under federal law.

At the time of hire, Sanchez had no citations for operating a motor vehicle in the previous three years.  The driver in Bartja had two moving violations and two accidents on his record when he was hired.  Bartja, 218 Ga. App. at 818.  As for negligent retention, Sanchez received no citations and was involved in no accidents from the time he went under lease to Caribe up until the date of the subject accident. Plaintiffs can put forth no evidence that Caribe's hiring and retention of Sanchz constituted reckless and wanton conduct. For this reason, along with Caribe's acceptance of *respondeat superior* liability for Sanchez, these independent claims against Caribe should be dismissed.

## C.   <u>There is No Evidence to Support Any Claim for Punitive Damages</u>

There is no dispute that Sanchez's truck sustained a severe tire failure that resulted in his vehicle coming to a controlled stop. Sanchez testified this was his only option to remain in control of the truck.  This is not grounds for punitive damages. Plaintiff James Allen testified he did not believe Sanchez or Caribe ever acted with any intent to harm him. (Deposition of James Allen, 95:4-8, Exhibit "C").

All that remains is a general allegation that Defendants were negligent in maintaining Sanchez's truck before the accident.  Again, there is no evidence to support Defendants were negligent, must less reckless and wanton.  The only record evidence demonstrates that just 53 days earlier, the truck was reviewed by a DOT certified inspector and passed. Further, Sanchez testified he inspected the tires on his truck before departing from his last pick-up, just hours before the incident.  Plaintiff's have put forth no evidence to dispute or contest the maintenance and inspection history in the evidentiary record.  Consequently, there is insufficient evidence to support any claim for punitive damages and this Court should grant partial summary judgment.

## III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the grant Defendants' partial summary judgment on Plaintiffs' claims for negligent hiring and

negligent retention, as such claims are not viable under Georgia law where vicarious liability is asserted and there is no valid claim for punitive damages. Further, Defendants request a grant of summary judgment as to all claims for punitive damages, as Plaintiffs have failed to put forth any evidence to raise a genuine issue of fact for trial.

Respectfully submitted, this 5th day of March, 2019.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ M. Andrew Echols
M. Andrew Echols
Georgia Bar No. 153099
Andrew.Echols@lewisbrisbois.com

1180 Peachtree Street, N.E.             Attorneys for Defendants
Suite 2900
Atlanta, Georgia 30326
404.348.8585 (telephone)
404.467.8845 (facsimile)

4842-6885-7965.2                          - 10 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** on all parties to this action by electronically filing the same with the Clerk of Court via CM/ECF, which will send electronic notification to counsel of record as follows:

Bradley J. Survant
Reynolds, Horne & Survant
P.O. Box 26610
Macon, Georgia 31221

Attorneys for Plaintiffs

This 5th day of March, 2019.

LEWIS BRISBOIS BISGAARD & SMITH LLP


/s/ M. Andrew Echols
M. Andrew Echols
Georgia Bar No. 153099
Andrew.Echols@lewisbrisbois.com

1180 Peachtree Street, N.E.          *Attorneys for Defendants*
Suite 2900
Atlanta, Georgia 30326
404.348.8585 (telephone)
404.467.8845 (facsimile)