**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JAMES ALLEN and RACHEL ALLEN,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Civil Action** |
| | ) | **File No.  5:18-cv-00145-MTT** |
| **OSMANY F. SANCHEZ, CARIBE** | ) | |
| **TRUCKING CO. LLC, and** | ) | |
| **STARR INDEMNITY AND** | ) | |
| **LIABILITY COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants, Caribe Trucking Co. LLC., Osmany Sanchez,  and

Starr Indemnity and Liability Company (hereinafter "Defendants"), pursuant to

F.R.C.P 56 and L.R. 56.1 and files herein their Statements of Material Fact  in Support

of Defendants Motion for Partial Summary Judgment:

1.      Sanchez held a valid commercial driver's license issued by the State of Florida

on the date of the accident.  (Deposition of Osmany Sanchez, p. 72:14-17, hereto as

Exhibit "B").

4816-0759-5366.1

2.     Sanchez held a valid DOT medical certificate on the date of the subject accident stating he was medically qualified to operate a commercial motor vehicle. (Deposition of Osmany Sanchez, p. 78:8-13attached hereto as Exhibit "B").

3.     At the time of hire, Sanchez was required by Caribe to undergo a drug and alcohol screening in accordance with DOT regulations. (*Id.* 79:9-12, Exhibit B).

4.     At the time of hire, Sanchez was required by Caribe to perform a driving road test to evaluate his driving ability and knowledge of pre-trip inspection requirements. (*Id. at* 84:11-19, Exhibit B).

5.     At the time of hire, Sanchez received training from Caribe on company and DOT regulations.  (*Id.* 26:1-16, Exhibit B).

6.     Sanchez had never been issued a citation for a moving violation prior to the subject accident. (*Id.,* 86:3-15).

7.     Sanchez's truck sustained a sudden tire failure that caused him to bring his truck to a controlled stop. (*Id.* 52:19-59:10).

8.     Sanchez performed a pre-trip inspection of the tire just hours before the subject accident. *Id. at 27:25-28:5.*

9.     Sanchez's truck had undergone its required annual inspection and was passed by a DOT certified inspector on December 4, 2017, just over a month before the accident. *Id. at 82:18-83:10.*

10.     Sanchez's was not able to steer his truck out of the roadway after the front

steering tire failed. (*Id.* 52:19-59:10).

Respectfully submitted, this 5th day of March, 2019.

LEWIS BRISBOIS BISGAARD & SMITH LLP


/s/ M. Andrew Echols
M. Andrew Echols
Georgia Bar No. 153099
Andrew.Echols@lewisbrisbois.com

1180 Peachtree Street, N.E.          Attorneys for Defendants
Suite 2900
Atlanta, Georgia 30326
404.348.8585 (telephone)
404.467.8845 (facsimile)

4816-0759-5366.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *DEFENDANTS'*

*PARTIAL MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT, and*

*STATEMENT OF MATERIAL FACTS NOT IN DISPUTE,* on all parties to this action

by electronically filing the same with the Clerk of Court via CM/ECF, which will

send electronic notification to counsel of record as follows:

Bradley J. Survant
Reynolds, Horne & Survant
P.O. Box 26610
Macon, Georgia 31221

*Attorneys for Plaintiffs*

This 5th day of March, 2019.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ M. Andrew Echols
M. Andrew Echols
Georgia Bar No. 153099
Andrew.Echols@lewisbrisbois.com

1180 Peachtree Street, N.E.          *Attorneys for Defendants*
Suite 2900
Atlanta, Georgia 30326
404.348.8585 (telephone)
404.467.8845 (facsimile)

4816-0759-5366.1